Argued June 21, affirmed July 26, reconsideration denied August 25, petition for review denied September 14, 1976

In the matter of G., alleged to be a mentally ill person.
STATE OF OREGON, *Respondent,*
*v.*
G., *Appellant.*
(No. 12765, CA 5365)
552 P2d 574

*Steven H. Gorham,* Marion-Polk Legal Aid Service, Inc., Salem, argued the cause and filed the brief for appellant.

*Scott McAlister,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

## FORT, J.

Appellant was committed to the Mental Health Division for 180 days by court order on March 14, 1975, as a mentally ill person. On August 28, 1975, the Division filed a Certificate for Continued Commitment for Mental Illness. ORS 426.301 (1973).[1] On September 26, 1975, appellant moved to dismiss the request for continued commitment. The motion was denied at a hearing on October 7 and an order was entered committing appellant for an additional period

---

[1] ORS 426.301 (1973):

"(1) At the end of the 180-day period of commitment, any person whose status has not been changed to voluntary shall be released unless the division certifies to the court in the county where the treating facility is located that the patient is still mentally ill and in need of further treatment. If such certification is made, the person will not be released, but the division shall forthwith issue a copy of the certification to the person.

"(2) The certification shall be served upon the patient by a physician or registered nurse at the facility or director of the facility wherein the patient is confined. The person serving the citation shall inform the court in writing that service has been made and the date thereof.

"(3) The certification shall advise the person:

"(a) That the division has requested that his commitment be continued for an additional period of time;

"(b) That he may consult with an attorney and that an attorney will be provided for him without cost to him if he is unable to afford an attorney;

"(c) That if he does not protest this further commitment within 14 days, his commitment will be continued for an indefinite period of time up to 180 days;

"(d) That if he does protest a further period of commitment, he is entitled to a hearing before the court on whether his commitment should be continued;

"(e) That he may protest either orally or in writing by signing the form accompanying the certification; that he is entitled to have a physician or other qualified person as recommended by the division, other than a member of the staff at the facility where he is confined, examine him and report to the court the results of his examination;

"(f) That he may subpena witnesses and offer evidence on his own behalf at the hearing;

"(g) That if he is without funds to retain an attorney or an examining physician or qualified person as recommended by the division, the court will appoint such attorney, physician or qualified person at no cost to him.

of up to 180 days from September 8, 1975. She appeals, contending that her recommitment was unlawful since the hearing was not held nor the order granted within the 180 days of her initial commitment, and also that there was insufficient evidence that she was a mentally ill person.

If we understand appellant's motion to dismiss correctly, the primary question raised by this appeal from its denial is whether the legislature by the adoption of ORS 426.301 to 426.307 intended that unless both a request for and an order of the court authorizing continued commitment was entered within 180 days following entry of the original Order of Commitment, the court's jurisdiction to enter the Certificate for Continued Commitment for Mental Illness automatically terminated.

It is apparent from an examination of those sections that the overriding purpose of the legislature in adopting the 1973 law was to assure that every person committed by a court to the Mental Health Division and placed in one of its institutions would be entitled to have that commitment reviewed, if still confined, at periodic intervals not exceeding 180 days. Here appellant was originally committed on March 14, 1975. She was given a trial release on August 16, 1975, from which she was to return on August 25, 1975. Her condition upon her return was such that the Division, on August 28, 1975, filed and served on appellant its Certificate for Continued Commitment for Mental Illness, as required by ORS 426.301(1, 2) (1973). This was thus done within the 180-day period provided in that sta-

---

"(4) The person serving the certification shall read and deliver the certification to the person and ask him whether he protests a further period of commitment. The person may protest further commitment either orally or by signing a simple protest form to be given to the person with the certification. If the person does not protest a further period of commitment within 14 days of service of the certification, the division shall so notify the court and the court shall, without further hearing, order the commitment of the person for an additional indefinite period of time up to 180 days."

[ 200 ]

tute. Appellant timely filed her protest as authorized by ORS 426.301(4) (1973), thus invoking the hearing procedures authorized by ORS 426.307 (1973).[2] No request for appointment of counsel under that section appears in the record. Nevertheless, apparently on its own motion, the court on September 17, 1975, appointed counsel for appellant. This was followed by appellant's motion to dismiss filed September 26, 1975. About the time the court heard that motion, it also appointed an independent licensed physician as a medical examiner, as the statute requires. ORS 426.307 (1973). He filed his report on October 6, and on October 7 after receipt of the reports provided for by that statute, the court conducted the hearing at which both the physician and appellant appeared as witnesses. At its conclusion the court entered the Order of Further Commitment for Mental Illness appealed from.

[2] ORS 426.307 (1973):

"If the person requests a hearing, the hearing shall be conducted as promptly as possible and at such time and place as the court may direct. If the person requests a continuance in order to prepare for the hearing or to obtain counsel to represent him, the court may grant a continuance for a reasonable period of time for this purpose. In the event the person requests the appointment of an attorney and is without funds to retain an attorney, the court shall appoint an attorney to represent him at no cost to the person. If no request for legal counsel is made, the court shall appoint an attorney to represent the person unless legal counsel is expressly, knowingly and intelligently refused by the person. If the person requests an examination by a physician or other qualified person as recommended by the division and is without funds to retain such person for purposes of the examination, the court shall appoint a physician or other qualified person, other than a member of the staff from the facility where the person is a patient, to examine the person at no expense to him and to report to the court the results of the examination. The court shall then conduct a hearing and after hearing the evidence and reviewing the recommendations of the treating and examining physicians or other qualified persons, the court shall determine whether the individual is still a mentally ill person and in need of further treatment. If in the opinion of the court the individual is still a mentally ill person beyond a reasonable doubt and in need of further treatment, the court may order his commitment to the division for an additional indefinite period of time up to 180 days. At the end of the 180-day period, the patient shall be released unless the division again certifies to the committing court that the person is still a mentally ill person and in need of further treatment, in which event the procedures set forth in ORS 426.301 to 426.307 shall be followed."

■■■ We can find nothing in the foregoing procedures which violated any of appellant's statutory rights. The filing of the motion for recommitment and its service upon appellant prior to expiration of the 180-day period gave the court jurisdiction to hear and determine the issues raised thereunder. Nothing in the statutes suggests that the court, having acquired jurisdiction of the motion for further commitment within 180 days of its previous commitment order, is deprived of the power at the expiration of 180 days to proceed in a prompt and orderly manner to dispose of the case. Thus, here the claim of automatic loss of jurisdiction at the conclusion of the 180-day period because the order of further commitment had not been entered is without merit. Appellant was not thereby entitled to an order of dismissal on the 181st day.

■■■ Appellant also contends that the evidence is insufficient to support the trial court's finding that she was beyond a reasonable doubt still a mentally ill person in need of further treatment on October 7. ORS 426.307 (1973). Our review is de novo. *State v. O'Neill,* 274 Or 59, 545 P2d 97 (1976). From our review of the record we conclude that the evidence does establish that as of that date appellant was beyond a reasonable doubt a mentally ill person in need of further treatment. No useful purpose would be served by a detailed delineation of the evidence. The remaining assignment does not warrant discussion.

Affirmed.